IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WATTS,

      Plaintiff,      No. CIV S-10-2688 GEB CKD

  vs.

S FLORY, et al.,

      Defendants.   <u>ORDER</u>

_____/

  Plaintiff is a state prisoner, proceeding pro se, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff recently paid the filing fee for this action, which proceeds on the original complaint filed on October 4, 2010. (Dkt. No. 1.) On July 7, 2011, plaintiff filed a motion seeking injunctive relief against defendants. (Dkt. No. 14.) Defendants have not been served with the complaint.

I. <u>Screening</u>

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1  U.S.C. § 1915A(b)(1),(2).

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

        In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8

requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, plaintiff has submitted a 34-page complaint supported by 40 pages of exhibits, that purports to allege constitutional claims against numerous defendants. The claims cover a wide range of alleged violations of constitutional law, including retaliation, illegal seizure of property, deliberate indifference, cruel and unusual punishment, and violations of due process and equal protection rights. (Dkt. No. 1 at 4.) Many of these claims appear to be unrelated to one another, and it is unduly burdensome to determine which, if any, state a cognizable claim pursuant to section 1983. This complaint illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry, 84 F.3d at 1179-80.

A major flaw of the complaint is that it attempts to bring numerous unrelated claims in a single action. Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id.

Plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 30 days of service of this order. In an amended complaint plaintiff should not raise many unrelated claims, but rather focus on a few specific claims and describe the

actions of the individual defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As to plaintiff's allegations concerning prison officials' requirement that he take a cellmate after being single-celled, plaintiff is advised that the denial of single cell status by itself does not rise to the level of an Eighth Amendment violation. See Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a cognizable claim, plaintiff must set forth allegations of deliberate indifference sufficient to show "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. <u>Motion for injunctive relief</u>

On July 7, 2011, plaintiff filed a motion for preliminary injunction and/or temporary restraining order[1]. (Dkt. No. 14.) He alleges that prison officials are requiring him to take a cellmate, even though, since stabbing a cellmate who tried to sexually assault him, plaintiff has been single-celled for his own and others' safety.  Claiming that he is not suited to have a cellmate for mental health reasons, plaintiff seeks an injunction ordering prison officials to restore his single-cell status.  He also requests a court-ordered transfer out of High Desert State Prison because the cold climate causes pain in his knees.  (Dkt. No. 14 at 12.)

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u>  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. <u>Id.</u>

Here, in light of plaintiff's failure to state any claim upon which relief may be granted, there is no actual case or controversy before the court at this time, and court lacks the jurisdiction to issue the orders sought by plaintiff.  See <u>Summers v. Earth Island Institute</u>, 555 U.S. 488 (2009); <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1119 (9th Cir.2009); 18 U.S.C. §

---

[1] Plaintiff's request for a temporary restraining order is insufficient under E.D. Cal. Local Rule 231(c).  Therefore, the request will be construed as a motion for a preliminary injunction.

5

3626(a) (1)(A). Thus, plaintiff has failed to demonstrate a likelihood of success on the merits or raise serious questions going to the merits regarding his requests for injunctive relief.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The complaint (Dkt. No. 1) is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file a second amended complaint will result in a recommendation that the action be dismissed;

2. Plaintiff's motion for preliminary injunction or temporary restraining order (Dkt. No. 14) is denied; and

3. Plaintiff's motion for issuance of summons (Dkt. No. 13) is denied as premature.

Dated: October 19, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
watt2688.B