IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WATTS,

        Plaintiff,                  No. 2:10-cv-2688 GEB CKD P

    vs.

S. FLORY, et al.,

        Defendants.          <u>ORDER</u>

                                           /

        Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. This case proceeds on the First Amended Complaint (FAC) filed March 2, 2012.[1] (Dkt. No. 24.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

---

[1] On August 2, 2012, a "Second Amended Complaint" was docketed in this action pursuant to an order in Case No. 2:12-cv-1566. (Dkt. No. 30.) It is not clear whether plaintiff wishes this new complaint to supercede the FAC. As discussed below, plaintiff will be granted leave to file an amended complaint. If he wishes to submit the complaint docketed as No. 30 as his amended complaint, he may so indicate; or he may file a new amended complaint. Any amended complaint shall not include allegations unrelated to the claims that are the subject of this action.

1  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
2  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
3  U.S.C. § 1915A(b)(1),(2).
4       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
6  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10 Cir. 1989); Franklin, 745 F.2d at 1227.
11      A complaint must contain more than a "formulaic recitation of the elements of a
12 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
13 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
14 "The pleading must contain something more...than...a statement of facts that merely creates a
15 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
16 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
17 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
18 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
19 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
20 that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." Id.
22      In reviewing a complaint under this standard, the court must accept as true the
23 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
24 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
25 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26 \\\\\

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

I.  Allegations

In the FAC, plaintiff names the following eleven defendants: S. Flory and C. Guches, California State Prison-Sacramento (CSP-Sac) correctional officers; V. Mini and D. Leiber, CSP-Sac correctional captains; T. Virga, a CSP-Sac Warden; A. Masuret and A. Johnson, CDCR correctional counselors; D. Rios and K. Williams, CSP Lieutenants; J. Macomber, a CSP Associate Warden; and Baker, a CSP-Sac sergeant. (FAC at 2-3.)

Plaintiff alleges that, on May 4, 2010, after defendant Flory received an anonymous tip that plaintiff and fellow inmate Jackson were conspiring to assault Flory, defendant Williams placed plaintiff and Jackson in administrative segregation at CSP-Sac. (FAC at 3.) Plaintiff claims that, after staff failed to present plaintiff with the 1030 form required to place an inmate in Ad Seg, defendants Flory, Rios, Baker, Williams, and Guches "falsified" the 1030 form after the initial lock-up so they could keep plaintiff in segregation. (Id. at 3-4.) The next day, plaintiff filed a grievance, which he claims was "trashed" by unnamed custody staff. (Id.)

Plaintiff claims that the five defendants named above "ha[d] [him] . . . transferred to a cold climate institution[,] causing him further pain & suffering knowing that plaintiff had a medical condition," knee pain, that was exacerbated by the cold. (Id. at 3-5.) On May 28, 2010,

3

when plaintiff discussed the transfer with Rios, Rios allegedly replied: "We all want you off our line," and named the ten remaining defendants. (Id. at 5.)

Plaintiff alleges that, in July 2010, defendants Virga, Mini, and Leiber dismissed the conspiracy charge against inmate Jackson, but did not dismiss the charge against plaintiff. He claims that this was unlawful retaliation. (Id.)

Plaintiff claims that defendants Virga, Macomber, Mini, Leiber, Johnson, and Masuret were deliberately indifferent to his serious medical needs on three occasions in June and September 2010, when plaintiff informed them that he could not be transferred due to doctor's orders, and defendants said he would be transferred anyway. He argues that these actions were retaliatory, as well as his November 2, 2010 transfer to HDSP. (Id. at 6-7.) The instant action was filed October 4, 2010. (Dkt. No. 1.)

For the reasons discussed below, the court concludes that plaintiff fails to state a constitutional claim against any defendant.

II. Analysis

A. Retaliation

Plaintiff argues that defendants placed him in administrative segregation and transferred him to HDSP in retaliation for filing the May 5, 2010 grievance and the instant lawsuit. (FAC at 6.)

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Being moved to another facility could be an adverse action. See Rhodes, supra, 408 F.3d at 568 (arbitrary confiscation and destruction of property,

---

initiation of a prison transfer, and assault in retaliation for filing grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation).

Here, plaintiff has not alleged facts sufficient to state a retaliation claim against any defendant. Plaintiff must show that each defendant was aware of plaintiff's grievance and/or lawsuit, and acted in retaliation without a valid correctional purpose. Plaintiff has not pled that defendants were aware of his "trashed" May 5, 2010 grievance or that his placement in administrative segregation on a conspiracy charge lacked a valid correctional purpose. As for his transfer, plaintiff alleges that Rios told him, "We all want you off our line . . . You're going to HDSP one way or another." (FAC at 5.) However, plaintiff does not make clear who decided to transfer him to HDSP, or whether the decisionmaker(s) were aware of plaintiff's grievance. It appears from the FAC that the decision to transfer plaintiff was made prior to his filing the instant lawsuit in October 2010.

As to plaintiff's claims against defendant Warden Virga and Associate Warden Macomber, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1962).

B. Deliberate Indifference

Plaintiff argues that defendants transferred him to a "cold climate" prison in violation of his serious medical needs, as cold weather exacerbated his chronic knee pain. (FAC at 5-6.)

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need

was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As noted above, plaintiff failed to demonstrate how each defendant was involved in the decision to transfer him to HDSP. Plaintiff alleges that during a Classification Committee meeting, he told "custody staff" about his inability to stay in cold climates, but it is unclear which defendants were present at the hearing. (FAC at 6.) There is no specific reference to any named defendant and no indication that, despite an awareness of plaintiff's medical condition, defendants caused plaintiff to be transferred. Moreover, it is not at all clear that transferring plaintiff to HDSP under the circumstances alleged would constitute "deliberate indifference" to a "serious medical need." Plaintiff has attached to the FAC documents concerning his conditions at HDSP (FAC, Exs. B-E), but none of the named defendants, who worked at CSP-Sac, can be held responsible for those conditions.

C.  Due Process

Plaintiff also argues that his transfer to HDSP was illegal on due process grounds. (FAC at 9.) However, it is well-settled that prisoners rarely are able to make a procedural due process claim contesting a transfer between facilities. The Supreme Court has ruled that prisoners do not have a constitutional right to be incarcerated in a specific institution. Olim v. Wakinekona, 461 U.S. 238, 244-248 (1983) (prisoner's transfer from a state prison in Hawaii to one in California did not implicate prisoner's liberty interest within the meaning of the due process clause). Moreover, prisoners are not afforded a due process right to a hearing prior to

6

transfer. Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, to the extent plaintiff makes a procedural due process claim pertaining to his transfer to HDSP, this claim lacks merit.

III. Conclusion

Plaintiff's complaint will be dismissed and he will be granted leave to file a Second Amended Complaint (SAC) within 30 days of service of this order. In the SAC, plaintiff should not raise many unrelated claims, but rather focus on a few specific claims and describe the actions of the individual defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\\

\\\\\

\\\\\

1  Accordingly, IT IS HEREBY ORDERED that the First Amended Complaint filed
2  March 2, 2012 (Dkt. No. 24) is dismissed for the reasons discussed above, with leave to file a
3  Second Amended Complaint within thirty days from the date of service of this order.

Dated: September 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
watt2688.B