IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WATTS,

        Plaintiff,                    No. 2:10-cv-2688 GEB CKD P

    vs.

S. FLORY, et al.,

        Defendants.            ORDER &

                                             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's Second Amended Complaint (SAC) filed October 15, 2012. (Dkt. No. 32.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.
8    A complaint must contain more than a "formulaic recitation of the elements of a
9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
17 that allows the court to draw the reasonable inference that the defendant is liable for the
18 misconduct alleged." Id.
19    In reviewing a complaint under this standard, the court must accept as true the
20 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
23    Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.
24 See Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the
25 grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
26 showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only

"sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, the court finds that plaintiff has partially failed to cure the defects of the First Amendment Complaint.  Plaintiff alleges that several defendants at CSP-Sacramento "conspired" to have him "removed from the main line" with no legitimate correctional goal. (SAC, ¶ 13.)  He alleges that his May 2010 grievance was "trashed" and defendants did nothing about it.  (Id., ¶¶ 14, 16.)  Plaintiff also alleges that he was subject to a retaliatory transfer.  (Id., ¶ 19.)  The court addressed similar allegations in its September 12, 2012 order.  (Dkt. No. 31.) While plaintiff alleges in the SAC that defendants "took adverse action against plaintiff for filing grievances (602's) and other lawsuits" (SAC, ¶ 19), this conclusory allegation does not suffice to "raise [the] right to relief above the speculative level."  See Bell Atlantic Corp, 550 U.S. 544. Plaintiff has not alleged that any defendant was aware of specific protected conduct by plaintiff and took adverse action against him "because of" that conduct, without a legitimate purpose.

Plaintiff also alleges that defendants had him transferred to HDSP against doctor's orders, as his knee problems required a warm climate. An attached document indicates that, in June 2010, the Institutional Classification Committee (ICC) recommended plaintiff's "transfer to an alternate Level-IV institution . . . based on staff concerns at CSP-SAC, placement score and CCMS level of care.  This is a non-adverse transfer."  (SAC at 12.[1])  The named ICC members include defendants Warden Virga, Associate Warden Macomber, and V. Mini.  (Id.)  Plaintiff alleges that Mini was aware of plaintiff's medical condition between 2006 and 2009, including that a cold climate was bad for his knees.  (SAC, ¶ 12.)  However, plaintiff does not allege or

---

[1] Citations to page numbers refer to numbers assigned by the court's docketing system.

3

show that Mini was responsible for HDSP being chosen as the alternate Level-IV institution.

Plaintiff alleges that Virga and Macomber made the determination to transfer him to HDSP and that he informed them that the cold climate was bad for his knees. (SAC, ¶ 17; see id. at 18 (August 17, 2010 medical chrono stating that, due to plaintiff's knee problems, "transfer to institution in warmer climate is appropriate").) The court concludes that, for screening purposes, plaintiff has stated an Eighth Amendment claim against these defendants. The court will recommend that this action be dismissed as to all other defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Virga and Macomber.

2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed October 15, 2012.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Three copies of the endorsed amended complaint filed October 15, 2012.

IT IS HEREBY RECOMMENDED THAT:

1. This action be dismissed with prejudice as to defendants Flory, Mini, Rios, Johnson, Masuret, Baker, Guches, and Leiber; and

////

////

////

////

1            2. The Clerk of Court amend the docket to reflect that this action proceeds against
2    defendants Virga and Macomber only.
3            These findings and recommendations are submitted to the United States District
4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
5    days after being served with these findings and recommendations, any party may file written
6    objections with the court and serve a copy on all parties.  Such a document should be captioned
7    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
8    objections shall be filed and served within seven days after service of the objections.  The parties
9    are advised that failure to file objections within the specified time may waive the right to appeal
10   the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
watt2688.SAC