UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIM V. VIRGA, et al.,<br><br>　　　　　Defendants. | No. 2:10-cv-2688 TLN CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the Second Amended Complaint filed October 15, 2012, in which plaintiff alleges that officials at California State Prison-Sacramento ("CSP-Sacramento") violated the Eighth Amendment in 2010 by transferring him to a cold-climate prison against doctor's orders. (ECF No. 32 ("SAC").) Before the court is defendants' October 17, 2013 motion to dismiss the SAC for failure to exhaust administrative remedies under Rule 12(b) of the Federal Rules of Civil Procedure. (ECF No. 45.) Plaintiff has opposed the motion (ECF No. 49), and defendants have filed a reply (ECF No. 51). For the reasons set forth below, the undersigned will recommend that defendants' motion to dismiss be granted.

I. Legal Standard

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such

1

administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")).  A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust.  Id. at 1119.

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  At the time of the events giving rise to the present action, California prisoners were required to proceed through four separate levels of appeal to exhaust the administrative appeal process: (1) an informal resolution; (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the CDCR.  See 15 Cal. Code Regs. § 3084.1–3084. 9.  A final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a).  See Lira v. Herrera, 427 F.3d 1164, 1166–67 (9th Cir. 2005); see also Cal. Code Regs. tit. 15, § 3084.7(d)(3) (as amended Dec. 13, 2010).

Defendants carry the burden of establishing non-exhaustion.  "A defendant's burden of establishing an inmate's failure to exhaust is very low."  Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012) (citations omitted).  In order to meet it, a defendant must show "the existence of remedies that plaintiff did not use" by citing, e.g., "statutes, regulations, and other official directives that explain the scope of the administrative review process."  Id. at 1031-1032.  Departmental appeals coordinators may reject a prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive appeals, use of improper language, failure to attach supporting documents, and failure to follow proper procedures.  Cal. Code Regs. tit. 15, §3084.6(b).  An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).

Once the defense meets its burden, the burden shifts to the plaintiff to show that the grievance procedure was unavailable. Albino, 697 F.3d at 1031. When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). However, "an inmate's subjective unawareness of an administrative remedy and a prison's failure to expressly inform the inmate of the remedy are not alone sufficient to excuse exhaustion." Albino, 697 F.3d at 1035. An inmate must "make reasonable, good-faith efforts to discover the appropriate procedure for complaining about prison conditions before unawareness may possibly make a procedure unavailable." Id.

II. Facts

Plaintiff alleges that, at a June 16, 2010 meeting of the Institutional Classification Committee ("ICC") at CSP-Sacramento, defendant committee members Virga and Macomber recommended that plaintiff be transferred to High Desert State Prison ("HDSP"), even though plaintiff informed them that he had a medical chrono stating that a cold climate would exacerbate his knee problems. Plaintiff alleges that he again protested the transfer decision to defendants on September 8, 2010 and September 29, 2010. (SAC at 10-13[1].)

In a letter dated October 1, 2010, a non-defendant prison official in the Controlled Correspondence Unit replied to a letter by plaintiff, writing in part:

> In your correspondence you state:
>
> You have degenerative bone disease due to multiple surgeries on your knees; however, both knees continue to lock up and buckle.
>
> Medical doctors at SAC have recommended you be transferred to the California Medical Facility (CMF).
>
> You are requesting to be transferred to CMF on a medical over-ride.

---

[1] Record citations refer to page numbers assigned by the court's docketing system.

3

(Id. at 27-28.) The prison official informed plaintiff of the inmate grievance process, noting: "A review of the appeals history at SAC indicates you have not filed any health care appeals regarding the issues you wrote about." (Id. at 27.)

On October 20, 2010, plaintiff drafted a 602 inmate grievance challenging defendants' decision to transfer him to HDSP despite his knee problems. (ECF No. 45-1 at 10-11.) In 2010, the regulations governing inmate appeals provided that "[a]n appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." Cal. Code Regs. tit. 15, § 3084.6(c) (attached at ECF No. 51 at 10). "Time limits for submitting or reviewing appeals shall commence upon the date of receipt of the appeal document by the appeal coordinator or the appellant." Id., § 3084.6(a). Plaintiff's grievance was received on October 29, 2010, screened out as untimely, and returned to plaintiff on November 4, 2010. (ECF No. 45-1 at 7-8 (Decl. of J. Lynch).)

In his opposition to defendants' motion, plaintiff contends that his appeal was timely, but the appeals office improperly screened it out as untimely. He asserts that "[i]t is commonplace / common practice for correctional officers to pick up CDC-602/grievances and either throw them away, . . . hold them past the due date," or screen them out unjustly. (ECF No. 49 at 1-2.) Plaintiff asserts that, after his grievance was returned, he "still attempted to have his appeal processed by sending it to appeals office a second time explaining that it wasn't untimely, only to have it sent back again with the same rejection." (Id. at 3.) He argues that the grievance process was effectively unavailable to him, and thus his failure to exhaust administrative remedies should be excused. See Nunez, 591 F.3d at 1224–26.

III. Analysis

It is undisputed that plaintiff did not exhaust administrative remedies by obtaining a Director's Level decision on the decision to transfer him to HDSP. Thus, the question is whether plaintiff has carried his burden of showing that administrative remedies were effectively unavailable, excusing his failure to exhaust.

In his 602 grievance signed on October 20, 2010, plaintiff listed three relevant dates: June 16, 2010, when the ICC decided to transfer him; September 8, 2010, when plaintiff "again

4

informed" the ICC about his opposition to the transfer; and September 29, 2010, when plaintiff challenged the transfer "for the third time" before the ICC.  (ECF No. 45-1 at 10-11.)

It appears that the decision to transfer plaintiff was made on June 16, 2010, four months before plaintiff submitted his grievance.  Even assuming that the "decision being appealed" was issued on September 29, 2010, the latest date referenced in plaintiff's grievance, his grievance was not received by the appeals office until October 29, 2010, more than fifteen working days later.  (See ECF No. 45-1 at 8.)  While the appeal was signed on October 20, 2010, plaintiff provides no details as to when or how he submitted this appeal to be picked up or which correctional officer picked it up.   Nor has plaintiff supplied any evidence that prison officials unduly delayed or otherwise mishandled the appeal.  On this record, plaintiff has not demonstrated that his appeal was improperly screened out as untimely.  See Woodford, 548 U.S. at 84.

Plaintiff asserts that, after his appeal was screened out, he re-submitted it, explaining that it was not untimely, only to have it rejected again.  (ECF No. 49 at 2-3.)  Because "third level review will not entertain a CDC-602 that hasn't been reviewed at the first and second level," plaintiff argues, further administrative remedies were unavailable, excusing his failure to pursue the matter further.  (ECF No. 49 at 3.)  Plaintiff does not provide documentation of his second attempt to submit the appeal after it was returned to him on November 4, 2010.

Under § 3084.6(c), then in effect, plaintiff could have submitted an appeal within fifteen days "of receiving an unacceptable lower level appeal decision."  (See ECF No. 51 at 10.)  In other words, he could have appealed the screening-out of his previous grievance as untimely, submitting any available evidence of its timeliness and/or prison officials' misconduct in processing the grievance.  Plaintiff did not pursue this option, but rather "re-submitted" the rejected appeal, thus failing to exhaust an administrative remedy still available to him.  See Brown, 422 F.3d at 935 ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.") (emphasis in original). Under Albino, plaintiff's lack of awareness that this remedy was available to him does not excuse

5

his failure to pursue all available remedies under the PLRA.

For the foregoing reasons, the undersigned concludes that defendants' motion to dismiss for failure to exhaust administrative remedies should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the Second Amended Complaint pursuant to Rule 12(b) (ECF No. 45) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / watt2688.mtd_fr